UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY CARR ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:22-CV-00961 |
| ) | |
| J E H, INC. ) | |
| and JAGJIT SINGH MANGAT ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Kelly Carr ("Carr" or "Plaintiff") bring this action against J E H, INC. ("JEH") and Jagjit Singh Mangat ("Mangat") (JEH and Mangat are collectively referred to herein as "Defendants"), and shows the Court as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. § 22-2-5 *et seq.* Defendants violated the FLSA by failing to pay Carr the minimum wage required under federal law and by failing to pay Carr the overtime premium required under federal law. Lastly, Defendants retaliated against Carr in violation of the FLSA.

## PARTIES

2. Carr is an individual who resides in Marion County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Carr was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Mangat is an owner, member and/or officer of JEH. In this capacity, Patel is involved in the day-to-day business operations of JEH. Mangat has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage and overtime violations alleged in this Complaint. At all relevant times, Mangat acted and had responsibility to act on behalf of, and in the interests of, JEH in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage and overtime issues raised in this lawsuit. At all relevant times, Mangatl was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. JEH is an Indiana corporation doing business in Marion County, Indiana. JEH acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. JEH is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Carr brings claims arising under federal law. This Court has supplemental jurisdiction over Carr's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Carr was an employee engaged in commerce or in the production of goods for commerce.

## *FACTS*

10. Defendants own and operate a bar and restaurant named Bar 52 located in Indianapolis, Indiana.

11. Defendants employed Carr from approximately January 31, 2022 to March 18, 2022 as a bartender.

12. At the beginning of her employment, Defendants only paid Carr $5.00 per hour plus tips.

13. Defendants presumably paid Carr sub-minimum wages under the tip-credit provisions of the FLSA. Those provisions permit employers of tipped employees to pay wages at less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants disregarded those requirements and thus violated the federal minimum wage laws.

14. Among the practices that Defendants utilized to deny Carr her earned wages was to require Carr to spend more than 20 percent of her hours worked performing non-tipped duties such as cooking and cleaning.

15. After two weeks, Defendants began paying Carr a base hourly rate of pay of $8.00 an hour.

16. Despite regularly working hours in excess of forty (40) in a single workweek, Defendants did pay Carr the overtime premium for all her hours worked in excess of forty (40).

17. Eventually, Defendants failed and refused to pay Carr any wages for two of her weeks worked.

18. As a result, Defendants committed further violations of the minimum wage and overtime provisions of the FLSA.

19. On March 18, 2022, Carr refused to clock-in to work her regular shift because, at that time, she was owed but had not received, her earned wages for two weeks worked. Carr informed Mangat that she would not work a shift until she was paid. In response and in retaliation for Carr's asserting of her FLSA rights, Mangat called Carr and terminated her employment with Defendants.

20. Following the termination of her employment, Defendants refused to pay Carr any wages for her final week worked, further violating the minimum wage provisions of the FLSA.

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. Carr hereby incorporate by reference Paragraphs 1-20 of this Complaint.

22. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 206 by failing to comply with the minimum wage requirements of the FLSA.

23. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 207 by failing to comply overtime requirements of the FLSA. Specifically, Defendants have failed to pay Carr one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

24. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Carr as protected by the FLSA.

### *COUNT II: RETALIATION UNDER THE FAIR LABOR STANDARDS ACT*

25. Plaintiffs hereby incorporate by reference Paragraphs 1 – 24 of this Complaint.

26. By terminating her employment, Defendants retaliated against Carr because she engaged in protected activity in violation of the FLSA.

27. The actions of Defendants in retaliating against Carr were intentional, willful, and done in reckless disregard of Carr's rights under the FLSA, 29 U.S.C. §215(a)(3).

### *PRAYER FOR RELIEF*

WHEREFORE, Carr respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Carr, in addition to liquidated damages equal in amount to the unpaid compensation due to Carr;

b. An Order awarding Carr costs of this action;

    c.    An Order awarding Carr reasonable attorney's fees;

    e.    A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

    f.    An Order granting such other and further relief as may be necessary and appropriate.

    Respectfully Submitted,

    s/Robert J. Hunt
    Robert J. Hunt, (#30686-49)
    Robert F. Hunt (#7889-84)
    The Law Office of Robert J. Hunt, LLC
    1905 South New Market Street, Suite 168
    Carmel, Indiana 46032
    Telephone:  (317) 743-0614
    Facsimile:  (317) 743-0615
    E-Mail:  rob@indianawagelaw.com

    Attorneys for Plaintiffs